IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **MICHAEL L. PROVINCE,** )<br>)<br>**Petitioner,** )<br>)<br>v. )<br>)<br>**THOMAS L. MCBRIDE,** )<br>**Warden, Mount Olive Correctional** )<br>**Complex,** )<br>)<br>**Defendant.** ) | Civil Action No. 1:05-0868 |

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 28, 2005, Petitioner, an inmate at Mount Olive Correctional Complex [MOCC], and acting *pro se*, filed a Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By a Person in State Custody (Doc. No. 1.) and an Application to Proceed *in Forma Pauperis*.[1] (Doc. No. 2.) Petitioner alleges the following grounds for *habeas* relief:

1. Conviction was obtained by plea of guilty which was unlawfully induced or not made voluntarily with complete understanding of the nature of the charge and the consequences of the plea.

2. Petitioner was denied his constitutional right to the meaningful and effective assistance of counsel when defense counsel failed to convey a plea offer to his client.

3. Petitioner was denied his constitutional right to meaningful and effective assistance of counsel as secured by the Sixth Amendment to the Constitution of the U.S.A. when counsel induced petitioner to plead guilty to consecutive sentences.

(Doc. No. 1 at 4-6.) By Standing Order filed on October 31, 2005, this matter was referred to the

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 4.)

## PROCEDURAL HISTORY

On May 19, 1998, Petitioner was indicted on ten counts of third degree sexual assault. (Doc. No. 8-1 at 14-17.) On November 16, 1998, Petitioner pled guilty to five counts of third degree sexual assault in the Circuit Court of Monroe County, West Virginia, in exchange for the dismissal of the remaining five counts of third degree sexual assault contained in the indictment. (Id. at 19-20, State v. Province, Criminal Case No. 98-F-29 (Cir. Ct. Monroe Co. April 11, 2001).). The Circuit Court sentenced Petitioner to one to five years on each of the five charges to run consecutively with a sentence previously imposed upon the Petitioner by the Circuit Court of Greenbrier County, West Virginia. (Id. at 22.) On January 21, 2004, Petitioner, by counsel, filed his Petition for Appeal to the Supreme Court of Appeals of West Virginia [SCAWV], raising the following assignments of error.

1. Should the delay in filing this Petition of Appeal adversely affect the rights of the Appellant?

2. Did the trial court properly determine that the Appellant understood the plea agreement?

3. Did the trial court properly determine that the Appellant understood the nature and consequences of tending his plea of guilty?

4. Did the trial court properly determine that the Appellant desired to proceed with the plea agreement and not withdraw his pleas of guilty?

5. Did the court properly reject the defense understanding of the plea agreement?

(Id. at 25-36.) The SCAWV refused the appeal of his conviction and sentence by Order entered on April 15, 2004. (Id. at 24.)

Petitioner, acting *pro se*, filed his Petition for Writ of Habeas Corpus in the Circuit Court of Monroe County on August 4, 2004. Province v. McBride, Civil Action No. 04-C-87 (Cir. Ct. Monroe). (Id. at 38.) Petitioner raised the following grounds for *habeas* relief:

1. Petitioner's guilty pleas was clearly not entered knowingly and intelligently when he was under the belief from counsel if he would enter a plea of guilty, his sentences would run concurrently with any sentence in Greenbrier County.

2. The Trial Court went outside the scope of its prescribed authority as provided by the West Virginia Legislature in Rule 11 of the West Virginia Rules of Criminal Procedure when it imposed a sentence not provided for in the plea this was a direct violation of the petitioner's right to due process and equal protection of the law under the 5th and 14th Amendments to the United States Constitution and Article III, Section 10 of the Constitution of the State of West Virginia.

3. Petitioner contends that he was denied his rights to effective assistance of counsel in direct violation of the Sixth Amendment to the United States Constitution and Under Article III, Section 14 of the West Virginia Constitution.[2]

(Id. at 46, 48 and 55.) By Order entered on September 17, 2004, the Circuit Court summarily dismissed Petitioner's Post-Conviction *Habeas Corpus* Petition. (Doc. No. 8-2 at 2-11.) Petitioner appealed to the SCAWV and his Petition was denied on June 29, 2005. (Doc. No. 8-2 at 14.)

Petitioner filed his instant Petition Under U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody on October 28, 2005. (Doc. No. 1.) By Order entered on December 2, 2005, the undersigned directed Respondent to file an answer or other pleading addressing the sole issues of timeliness of the petition and exhaustion of state remedies. (Doc. No. 5.) On

---

[2] Petitioner asserted that he was denied effective assistance of counsel on five grounds: (1) counsel's failure to file a proper plea agreement; (2) counsel's failure to fully investigate the facts; (3) counsel's failure to adequately research or understand the law; (4) counsel's failure to make an objection after the court asked whether Petitioner wished to withdraw his plea; and (5) counsel's failure to take proper steps to ensure that he made an intelligent plea. See Province v. McBride, Civil Action No. 04-C-87 (Cir. Ct. Monroe). (Doc. No. 8-2 at 9.)

December 27, 2005, in response to the Court's Order, Respondent filed his "Answer on Sole Issues of Timeliness and Exhaustion, Motion to Dismiss for Failure to Exhaust State Remedies, and Memorandum in Support Thereof." (Doc. No. 8.) Respondent advises that pursuant to 28 U.S.C. § 2244(d), Petitioner timely filed his instant Petition for *habeas corpus* relief. (Doc. No. 8 at 6.) Respondent, however, asserts that Petitioner's Petition should be dismissed because Petitioner failed to exhaust his available state court remedies as required by 28 U.S.C. § 2254(b) with respect to his claim that he was denied effective assistance of counsel when counsel failed to convey a plea offer. (Id. at 7.)

On December 29, 2005, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to the Petitioner, advising him of his right to file a response to Respondent's Motion to Dismiss. (Doc. No. 9.) On January 6, 2006, Petitioner filed a "Motion to Hold Federal Habeas Corpus Petition in Abeyance Pending Exhaustion of State Court Remedies." (Doc. No. 10.) In his Motion, Petitioner argues that if the Court dismisses the instant petition to await exhaustion of the state court proceeding he may be barred by the statute of limitations from re-filing his Petition once he has exhausted all of his claims. (Doc. No. 10 at 5.) Respondent filed his response in opposition to Petitioner's Motion to Hold Petition in Abeyance on January 23, 2006. (Doc. No. 11.) Respondent asserts that Petitioner's Petition should be dismissed because Petitioner is unable to demonstrate good cause for his failure to present his unexhausted claim to the state court pursuant to Rhines v. Weber, 544 US. 269, 125 S.Ct. 1528, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Respondent further argues that Petitioner will still have ample time to file a §2254 petition in federal court after the conclusion of Petitioner's state habeas proceedings.

On March 20, 2006, Petitioner filed his Notice of Exhaustion stating that on December 27, 2005 he filed a second Petition for Writ of *Habeas Corpus* with the Circuit Court of Monroe County raising his unexhausted claim. (Doc. No. 12.) Petitioner further states that on January 9, 2006, the Circuit Court of Monroe County entered an Order denying his Petition and that he has appealed the

4

decision to the SCAWV.[3] (Id.) Petitioner contends that by filing a second Petition and his subsequent appeal of the Order entered by the Circuit Court of Monroe County denying his request for *habeas* relief he has satisfied the requirement of exhausting his state court remedies. (Id.) On March 24, 2006, Respondent filed his "Reply to Petitioner's Notice of Exhaustion." (Doc. No. 13-1.) Respondent states that as of the date of the filing of the Reply "no habeas appeal petition has been filed by the Petitioner in the Circuit Court of Monroe County, as required by law, or received by the West Virginia Supreme Court of Appeals." (Id.)(citation omitted).

After Respondent filed its "Reply to Petitioner's Notice of Exhaustion," the office of the undersigned contacted the clerk's offices of the Circuit Court of Monroe County and the SCAWV and was advised that Petitioner has appealed the Circuit Court of Monroe County's Order denying his Petition and was further advised that the matter is still pending before the SCAWV. Petitioner's Petition for Appeal raises the following grounds:

1. Was the Circuit court clearly wrong when the Court dismissed petitioner's claim that he was denied his constitutional right to the effective and meaningful assistance of counsel as secured by the 6th and 14th Amendments to the Constitution of the U.S.A., and, Article III, §14 of the Constitution of West Virginia due to the failure of defense counsel to inform petitioner of a deadline for accepting a plea bargain?

2. Was the Circuit Court clearly wrong factually and as a matter of law in failing to appoint counsel to assist petitioner in preparing a petition for writ of habeas corpus pursuant to WV Code § 53-4A-1 et. seq.?

(Court Exhibit A.)

---

[3] The office of the undersigned contacted the Office of the Circuit Clerk of Monroe County and was advised that Petitioner filed his second Petition for Writ of *Habeas Corpus* on January 6, 2006, and that the Circuit Court of Monroe County entered an Order summarily dismissing the Petition on January 9, 2006. The office of the undersigned was further advised that Petitioner appealed the decision of the Circuit Court of Monroe County to the SCAWV on March 9, 2006.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [ADEPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); see also, McDaniel v. Holland, 631 F.Supp. 1544, 1545 (S.D.W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly represent all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. See Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair representation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.), *cert. denied sub nom.,* Matthews v. Moore, 552 U.S. 883, 118 S.Ct. 102, 139 L.Ed.2d 57 (1997). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles' 'must be presented to the state court." Id. (*quoting* Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992)(*quoting* Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). The requirement of presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the state's highest court on either direct or collateral review. See O'Sullivan, 526 U.S. at 844, 119 S.Ct. at 1732. Furthermore, it is well established in this jurisdiction that "unless with prejudice, summary dismissals of habeas petitions invoking the original jurisdiction of the West Virginia Supreme will not satisfy exhaustion requirements." Moore v. Kirby, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); see also, McDaniel v. Holland, 631 F.Supp. at 1546.

Petitioner acknowledged in his Motion to hold his Petition in abeyance that he did not exhaust his available state court remedies with respect to his claim that he was denied effective assistance of counsel when counsel failed to convey a plea offer prior to seeking federal *habeas* relief. (Doc. No. 10.) However, Petitioner now asserts that he has exhausted his state court remedies with respect to all of the claims raised in his federal petition because he presented the matter to the Circuit Court of Monroe County and has appealed the decision of Circuit Court of Monroe County to the SCAWV. (Doc. No. 12.) Because the matter is now pending before the SCAWV, the undersigned finds that Petitioner has failed to exhaust his state court remedies. Petitioner's §2254 Petitioner therefore, is a mixed petition.

When a state prisoner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the district court possesses discretion to stay the petition "to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfect petition." Rhines v. Weber, 544 U.S. 269, 271-272, 125 S.Ct. 1528, 1531, 161 L.Ed.2d 440(2005). In Rhines, the Supreme Court noted that stay and abeyance should only be available in limited circumstances "because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts." Id. 544 U.S. at 277, 125 S.Ct. at 1535. The Supreme Court further noted that if the practice of utilizing a stay and abeyance is employed too frequently it has the potential of frustrating "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and "AEDPA's goal of streamlining federal habeas proceeding by decreasing a petitioner's incentive to exhaust all of his claims in state court prior to filing his federal petition." Id. 544 U.S. at 277, 125 S.Ct. at 1534. In view of these concerns, the Supreme Court held that a "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. Applying this standard to the facts of the instant case, the undersigned finds that a stay and abeyance is not warranted.

Nothing in the record suggests that Petitioner had good cause for his failure to exhaust his claims in the state courts. Furthermore, Petitioner will have ample time following the resolution of his state court appeal to file his federal habeas petition in this Court. Pursuant to 28 U.S.C. §2244(d)(1)(A), a habeas petition must be filed within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). If the Petitioner does not petition for a Writ of Certiorari in the United States Supreme Court upon the denial of direct review in the highest State Court, then the one-year limitation period begins to run 90 days after judgment is entered in the highest State Court (i.e., when the period for filing a petition for a Writ of Certiorari in the United States Supreme Court expires.) See Harris v. Hutchison, 209 F.3d 325, 328 (4th Cir. 2000).

In the present case, Petitioner's direct appeal of his conviction was refused by the SCAWV on April 15, 2004. Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court and therefore, his conviction became final on July 14, 2004 (90 days after the SCAWV refused his Petition for Appeal of his conviction and sentence). Thus, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure,[4] the one-year statute of limitation began to run on July 15, 2004, and Petitioner had until July 15, 2005, to file a §2254 Application in the United States District Court, unless he first sought post-conviction relief from the State Courts.

---

[4] Rule 6(a) of the Federal Rules of Civil Procedure provides in part, as follows:

(a) **Computation**. In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which the weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

Petitioner filed his State *habeas* Petition on August 4, 2004. Accordingly, the one-year statute of limitation, was tolled on August 4, 2004, by Petitioner's State *habeas* proceedings. See 28 U.S.C. §2244(d)(2)(the one year limitations period for filing a federal *habeas* petition is tolled while a "properly filed" application for state post-conviction relief is pending.) The SCAWV refused his Petition for appeal of the Circuit Court's denial of his *habeas* petition on June 29, 2005. The limitation thus began to run again on June 30, 2005, and Petitioner had until June 9, 2006, to file a §2254 Application in the United States District Court, unless he again sought post-conviction relief from the State Courts.

Petitioner filed his §2254 Application on October 28, 2005. The limitations period continued to run during the present proceeding until Petitioner filed his second State *habeas* proceeding on January 6, 2006, with the Circuit Court of Monroe County. Upon the conclusion of Petitioner's state *habeas* proceeding, he will have 153 days in which to file a §2254 Petition in federal court. See 28 U.S.C. §2244(d)(1)(A).[5] Accordingly, Petitioner's Motion to hold his Petition in abeyance must be

---

[5] Title 28, United States Code, Section 2244(d)(1) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented

denied because Petitioner has not demonstrated that he had good cause for his failure to exhaust all of his claims in state court prior to filing his federal petition.  Moreover, Petitioner will have an adequate amount of time to file a further federal habeas petition alleging all of the claims which he raised in exhausting his State *habeas* remedies following the resolution of his state court proceedings.

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's "Motion to Hold Federal Habeas Corpus Petition in Abeyance Pending Exhaustion of State Court Remedies"  (Document No. 10.), **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Doc. No. 2), **GRANT** Respondent's Motion to Dismiss (Document No. 8.), **DISMISS** this case without prejudice and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106

---

could have been discovered through the exercise of due diligence.

S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner who is acting *pro se.*

DATE: May 31, 2006.

R. Clarke VanDervort
United States Magistrate Judge